DeMOSS, Circuit Judge,
specially concurring:
I concur in the result reached by my colleagues that the district court correctly denied Grant’s motion to suppress; but I do so for reasons different from those relied upon by my colleagues. In my view the actions of Bruton in jumping into his vehicles and fleeing the scene of the traffic stop and the actions of Grant in lying down in front of Buchholtz’s vehicle in an attempt to prevent Buchholtz from chasing Bruton each constituted events from which the police officer could reasonably infer an awareness of guilt on the part of Bruton and Grant; and these actions constituted intervening events which render moot the analysis of the validity of the traffic stop and extensions thereof. The drugs which were ultimately discovered as a result of these intervening events was cocaine (not marijuana as Trooper Buchholtz thought he smelled); and the cocaine was discovered without the use of the drug smelling dog which Trooper Buchholtz had requested come to the scene of the traffic stop, but which did not arrive before Bruton fled the scene. But for the occurrence of these intervening actions, I have serious doubts that the conduct of the traffic stop by itself would have passed the test of reasonableness which our Circuit has established.
I note particularly that Grant did not raise as an issue on appeal, and my colleagues did not decide, whether a state trooper who makes a traffic stop has the authority to require any and all passengers in that car to identify themselves and then run a computer check on those passengers as Buchholtz did on Grant in this case. My search of the statutes of the State of Texas failed to turn up any statutory provision which requires a passenger in a vehicle to carry his driver’s license or any other type of identification so long as he is just a passenger. Likewise, I found no statutory provision which would attribute liability to a passenger for a traffic violation committed by the driver, such as “failing to signal a lane change” in this case. I have doubts therefore that the reason for the initial traffic stop in this case (ie., failing to signal a lane change) gives the trooper any ground for suspicion of criminal conduct on the part of a passenger. I recognize of course that if a police officer arrests an individual that person is required to give his true name, residence address, and date of birth to the arresting officer. See Texas Penal Code § 38.02. But there is nothing in this record which would indicate that Buchholtz arrested or attempted to arrest Grant at the time of the initial traffic stop. If Officer Buch-holtz had observed that Grant was not wearing his seat belt as part of the reason for the traffic stop, the officer would clearly have the right to require Grant to identify himself for purposes of writing an appropriate charge for such failure. But there is absolutely nothing in this record indicating the possibility of a seat belt violation on the part of Grant. Likewise, I recognize that Officer Buchholtz exercised the rights which our case law clearly gives him to require Grant to get out of the vehicle and be frisked for possession of a *200 weapon in order to ensure the officer’s safety during the traffic stop; but Grant did not have any weapon on his person and in my view there was no reasonable basis to support Buchholtz’s initiation of a computer check on Grant. Finally, it is clear from the record in this case that Buchholtz repeatedly asked for permission from Bru-ton to search the vehicle, but was never able to get such permission. In attempting to persuade Bruton to consent, Buch-holtz said “if you don’t want the search, I’ll get the dog.” Finally, Buchholtz radioed for a canine unit to come to the scene of the traffic stop and instructed Bruton and Grant to sit at the side of the road until the canine unit arrived. After nine minutes of waiting for the canine unit, Bruton jumped up and fled the scene. There is nothing in the record to indicate if or when the canine unit arrived at the scene of the traffic stop. I have serious doubts that simply because Bruton refused to consent to a search of the vehicle, Buchholtz had reasonable suspicion to support an extension of the traffic stop to allow time for the canine unit to come to the scene.
But all of these concerns are overwhelmed by the voluntary and independent actions of Bruton and Grant which resulted in the chase and arrest of Bruton, the search of the vehicle, and the discovery of the cocaine. Therefore, I concur.